# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHERINE TILLEY,

        Plaintiff,

v.

DIRK MAIER,

        Defendant.

CIVIL ACTION

No: 10-2206-CM-GLR

## MEMORANDUM AND ORDER

Plaintiff brings this action for damages for alleged deprivation of her procedural and substantive rights of due process, pursuant to 42 U.S.C. § 1983. The Court has before it Plaintiff's Motion for Leave to Amend Her Complaint (ECF No. 31). She requests leave to file her Second Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to add Kirk Schultz, President of Kansas State University, as an additional party in his individual and official capacities. She also seeks to add injunctive relief as a remedy. Defendant Maier opposes the motion on grounds the proposed amendment is futile. As set forth below, the Court grants the motion in part and denies it in part.

## I.    Background Facts

On April 15, 2010, Plaintiff filed her Complaint against defendants Kansas State University, Kansas Board of Regents, and Dirk Maier individually. She filed an Amended Complaint on April 28, 2010, against Kansas State University and Dirk Maier individually and in his representative capacity as Head of Department of Grain Science and Industry. As a tenured professor at Kansas State University, Plaintiff alleges that Defendant Maier, as an agent of Kansas State University and acting within his scope of employment, unilaterally, arbitrarily and capriciously classified her employment as "abandoned" without notice to her. She further alleges that the decision of the

University to uphold his action deprived her of her property interest and denied her an opportunity for a hearing accorded to persons similarly deprived. She asserts four causes of action: violations of due process, both substantive and procedural, deprivation of liberty interest without due process, and breach of contract.

On June 7, 2010, Defendant Kansas State University filed a Motion to Dismiss (ECF No. 6), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It argued that the Complaint does not state a federal claim, that defendant is entitled to sovereign immunity, that it is not a "person" subject to suit under 42 U.S.C. § 1983, and that the Kansas Judicial Review Act is the exclusive remedy for claims against it for breach of contract. On June 28, 2010, Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 11). She conceded therein that Defendant Kansas State University is not a "person" under 42 U.S.C. § 1983. She also requested leave to amend to name additional parties and to request injunctive and other equitable relief. The motion for leave to amend was denied without prejudice for failure to attach a copy of the proposed amended complaint, as required by D. Kan. Rule 15.1(1)(2).

On June 30, 2010, the Court granted as unopposed the Motion to Dismiss Kansas State University (ECF No. 13). The Court found that Plaintiff conceded that the University, as an arm of the State, is not a person under 42 U.S.C. § 1983. The Court further found that Plaintiff conceded that the University is entitled to sovereign immunity. Her claims against it were dismissed, leaving Defendant Maier as the only remaining defendant.

By her instant motion Plaintiff seeks to add Kirk Schultz, President of Kansas State University, as an additional party in his individual and official capacities. She would also seek

2

injunctive relief upon her claims based upon violation of her rights of due process and for deprivation of her liberty interest.

## II.     Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a)(1) allows one amendment of a complaint as a matter of course within 21 days after service of the complaint;[1] or 21 days after receiving service of an answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.[2] Subsequent amendments are allowed "only with the opposing party's written consent or the court's leave."[3] The court is instructed to "freely give leave when justice so requires."[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

---

[1] Fed. R. Civ. P. 15(a)(1)(A).

[2] Fed. R. Civ. P. 15(a)(1)(B).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

[5] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[6] *Woolsey*, 934 F.2d at 1462 (citations omitted).

Defendant, as the party asserting futility of amendment, has the burden of establishing futility.[7] A proposed amendment is futile if the amended claim would be subject to dismissal.[8] In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[9] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[10] The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.[11] The issue in resolving a motion to dismiss on the grounds that the complaint fails to state a claim is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[12] Thus, in this case, the Court may find Plaintiff's proposed amended claims futile if, viewing the well-pleaded factual allegations in the proposed Second Amended Complaint as true and in the light most favorable to Plaintiff, the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law.[13]

---

[7]*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

[8]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[9]*See id.* at 1238.

[10]*Id*. at 1232 (citation omitted).

[11]*Id.* (citations omitted).

[12]*Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).

[13]*See id.*

**III.    Whether amendment would be futile**

Defendant argues that allowing Plaintiff to amend her complaint would be futile in that her Second Amended Complaint does not properly plead a claim against Kirk Schultz or a claim for injunctive relief, and suit cannot be maintained against Kirk Schultz in his official capacity.

**A.    Claims to be asserted against new defendant**

**1.    Official capacity**

Defendant contends that it would be futile for Plaintiff to add Kirk Schultz in his official capacity because the University has been dismissed from the case with prejudice. Plaintiff previously acknowledged that Kansas State University was a not a proper defendant and did not oppose its dismissal. Defendant asserts that Plaintiff cannot now reintroduce Kansas State University as a defendant by simply stating the same claim, but against Kirk Schultz in his official capacity. It points to case law that a suit against a governmental employee in his "official capacity" is the same as a suit against the entity, and that naming both would be redundant.

The Court agrees with Defendant that it would be futile to add Kirk Schultz in his official capacity, when the claims against Kansas State University - - - the same as she now seeks to assert against Shultz - - - have been dismissed. When a governmental official is sued in his official and individual capacities for acts performed in each capacity, those acts are "treated as the transactions of two different legal personages."[14] Thus, a person sued in his official capacity has no stake, as an individual, in the outcome of the litigation.[15] Personal or individual capacity suits "seek to impose

---

[14]*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986) (internal quotation marks omitted).

[15]*Id.* at 543-44.

5

personal liability upon a government official for actions he takes under color of state law," while an official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent."[16] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," and not as a suit against the official personally, "for the real party in interest is the entity."[17]

Plaintiff's proposed Second Amended Complaint states that Shultz is the President of Kansas State University. Asserting claims against him in his official capacity essentially constitutes an action against Kansas State University, previously dismissed. It would therefore be futile for Plaintiff to add claims against Shultz in his official capacity.

### 2. Individual capacity

Defendant contends the Second Amended Complaint does not properly plead a claim against Kirk Schultz in his individual capacity. Defendant argues that the proposed complaint contains no specific factual allegations that Kirk Schultz had any personal involvement in the employment of Plaintiff or in her separation from employment from Kansas State University. He suggests that Plaintiff has not affirmatively alleged that Mr. Schultz was personally involved in any evaluation or communication regarding her rights of appeal. The proposed Second Amended Complaint contains simply an allegation in paragraph 30 that alleges, "Defendants, Dirk Maier and Kirk H. Schultz, individually and or in their official capacities, denied plaintiff, a tenured professor, an opportunity for a hearing concomitant with procedural due process accorded to persons deprived of

---

[16] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted).

[17] *Id.* at 166.

a property interest." Defendant argues that this allegation does not adequately plead a claim under § 1983.

To state a claim under § 1983, the "plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[18] To sustain a § 1983 claim for individual liability, the plaintiff must establish the personal involvement of each defendant in the alleged constitutional deprivation or a "causal connection" between each defendant's wrongful conduct and the deprivation.[19] Where the plaintiff is seeking leave to amend, however, the plaintiff need not prove that this causal connection existed. Instead, the plaintiff need only allege sufficient facts to demonstrate a nexus between the defendant's conduct and his or her dismissal.[20]

Plaintiff's proposed Second Amended Complaint alleges that Kirk Schultz, individually, denied Plaintiff, a tenured professor, an opportunity for hearing concomitant with procedural due process . . ." Viewing the well-pleaded factual allegations in the proposed Second Amended Complaint as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged conduct or a causal connection sufficient to state a § 1983 claim against Kirk Shultz in his individual capacity. Plaintiff is granted leave to amend her complaint to add claims against Shultz in his individual capacity.

---

[18]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[19]*Wulf v. City of Wichita*, 883 F.2d 842, 864 (10th Cir. 1989).

[20]*See Noland v. McAdoo*, 39 F.3d 269, 273 (10th Cir.1994) (there must be a "sufficient nexus" between a government actor's remarks and an employee's termination).

### B.     Request for injunctive relief

Plaintiff also seeks leave to amend her complaint to request injunctive relief as a remedy. Defendant asks the Court to deny her request as futile because the relief sought is retrospective in nature, and therefore, cannot be properly sought under the *Ex parte Young* exception to sovereign immunity.

The Court is not persuaded by Defendant's futility arguments. While the Eleventh Amendment bars retrospective equitable relief for official capacity claims, the Eleventh Amendment does not bar prospective equitable relief.[21] Nor does the Eleventh Amendment bar claims for damages or equitable relief against state officials or employees sued in their individual capacities.[22] Plaintiff has asserted claims against Defendant Maier in his individual capacity, and by her proposed amendment, she seeks to assert claims against new defendant Kirk Schultz in his individual capacity. The Eleventh Amendment therefore does not bar Plaintiff from requesting injunctive relief against these defendants in their individual capacities.

In addition, for any claims asserted against Defendant Maier in his official capacity, Plaintiff does not specifically identify what injunctive relief she seeks. The Court therefore cannot determine whether she is seeking retrospective or prospective equitable relief. Nor can the Court determine whether she is seeking to enjoin prospectively a state official from violating federal law, which is allowed.[23] Finally, if she is seeking reinstatement, the Tenth Circuit has held that a request for an

---

[21]*Ex parte Young*, 209 U.S. 123, 159-60 (1908).

[22]*Hafer v. Melo,* 502 U.S. 21, 30-31 (1991).

[23]*Van Deelen v. Fairchild*, No. Civ. A. 05-2017, 2005 WL 3263885, at *4 (D. Kan. Dec. 1, 2005) (the Eleventh Amendment permits suits against state officials and employees in their official capacities when plaintiff seeks prospective injunctive relief for a federal violation) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

injunction ordering reinstatement as a tenured faculty member is a form of prospective equitable relief that is within the doctrine of *Ex parte Young*.[24]

Defendant has not shown that it would be futile for Plaintiff to seek injunctive relief. Defendant suggests that the injunctive relief that will be sought is retrospective, but the Court cannot make that determination at this stage of the case. Nor can the Court conclude that the Eleventh Amendment would bar Plaintiff's claims for injunctive relief as to Defendant Maier or Kirk Shultz in their individual capacities. Plaintiff should be allowed to amend her complaint to seek injunctive relief.

In summary, the Court finds that it would be futile for Plaintiff to add Kirk Schultz as a defendant in his official capacity. Defendant has not shown, however, that it would be futile for Plaintiff to add Mr. Schultz in his individual capacity or to request injunctive relief. The interests of justice are best served by granting Plaintiff leave to file a revised Second Amended Complaint, but provided that she remove any claims against Kirk Schultz in his official capacity.

---

[24]*Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend Her Complaint (ECF No. 31) is granted in part and denied in part. Plaintiff may file her Second Amended Complaint, attached as an Exhibit to her motion, provided that Plaintiff first remove any claims against Kirk Schultz in his official capacity. The revised Second Amended Complaint shall be filed within ten (10) days of the date of this Order.

Dated in Kansas City, Kansas on this 23rd day of November 2010.

> S/ Gerald L. Rushfelt
> Gerald L. Rushfelt
> United States Magistrate Judge