# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHERINE TILLEY,

        Plaintiff,

v.

        CIVIL ACTION

        No: 10-2206-CM-GLR

DIRK MAIER,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this action for damages for alleged deprivation of her procedural and substantive rights of due process, pursuant to 42 U.S.C. § 1983. The Court has before it Plaintiff's Motion for Leave to Amend Complaint (ECF No. 39). She requests leave to file her Second Amended Complaint, pursuant to both Fed. R. Civ. P. 15(a)(2) and the Memorandum and Order issued by this Court on November 23, 2010 (ECF No. 38). Defendant Maier opposes the motion on grounds that the current proposed amendment adds parties not addressed in the Court's prior Memorandum and Order granting Plaintiff leave to file an amended complaint. As set forth below, the Court grants the motion.

**I.    Background Facts**

On April 15, 2010, Plaintiff filed her Complaint against defendants Kansas State University, Kansas Board of Regents, and Dirk Maier individually. She filed an Amended Complaint on April 28, 2010, against Kansas State University and Dirk Maier individually and in his representative capacity as Head of Department of Grain Science and Industry. As a tenured professor at Kansas State University, Plaintiff alleges that Defendant Maier, as an agent of Kansas State University and

acting within his scope of employment, unilaterally, arbitrarily and capriciously classified her employment as "abandoned" without notice to her. She further alleges that the decision of the University to uphold his action deprived her of her property interest and denied her an opportunity for a hearing accorded to persons similarly deprived. She asserts four causes of action: violations of due process, both substantive and procedural, deprivation of liberty interest without due process, and breach of contract.

On June 7, 2010, Defendant Kansas State University filed a Motion to Dismiss (ECF No. 6), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). It argued that the Complaint does not state a federal claim, that defendant is entitled to sovereign immunity, that it is not a "person" subject to suit under 42 U.S.C. § 1983, and that the Kansas Judicial Review Act is the exclusive remedy for claims against it for breach of contract. On June 28, 2010, Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 11). She conceded therein that Defendant Kansas State University is not a "person" under 42 U.S.C. § 1983. She also requested leave to amend to name additional parties and to request injunctive and other equitable relief. The motion for leave to amend was denied without prejudice for failure to attach a copy of the proposed amended complaint, as required by D. Kan. Rule 15.1(a)(2).

On June 30, 2010, the Court granted as unopposed the Motion to Dismiss Kansas State University (ECF No. 13). The Court found that Plaintiff conceded that the University, as an arm of the State, is not a person under 42 U.S.C. § 1983. The Court further found that Plaintiff conceded that the University is entitled to sovereign immunity. Her claims against it were dismissed, leaving Defendant Maier as the only remaining defendant.

On September, 8, 2010, Plaintiff filed a Motion for Leave to Amend Her Complaint (ECF No. 31) to add Kirk Schultz, President of Kansas State University, as an additional party in his individual and official capacities. Additionally, Plaintiff sought injunctive relief upon her claims based upon violation of her rights of due process and for deprivation of her liberty interest. In its Memorandum and Order of November 23, 2010, the Court found it would be futile to amend the Complaint to include Mr. Schultz in his official capacity, because in substance it would be an action against Kansas State University, previously dismissed.[1] The Court granted the motion in part, however, to allow Plaintiff to add Mr. Schultz in his individual capacity and to request injunctive relief.[2] The Court set December 3, 2010 as the deadline for Plaintiff to file her revised Second Amended Complaint.

Instead of the revised Second Amended Complaint, as the Court had authorized, Plaintiff filed the instant motion on December 1, 2010, seeking to add two defendants: Fred Cholick, former Dean and Director of Kansas State University Research and Extension, and Duane Nellis, former Provost at Kansas State University, in their individual capacities. The amended complaint also included the previously allowed amendments to add Mr. Schultz in his individual capacity and to request injunctive relief.

## II. Standard for Ruling on Motions to Amend

Federal Rule of Civil Procedure 15(a)(1) allows one amendment of a complaint as a matter of course within 21 days after service of the complaint;[3] or 21 days after receiving service of an

---

[1] Mem. and Order (ECF No. 38) at 6.

[2] *Id*. at 9.

[3] Fed. R. Civ. P. 15(a)(1)(A).

3

answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.[4] Subsequent amendments are allowed "only with the opposing party's written consent or the court's leave."[5] The court is instructed to "freely give leave when justice so requires."[6] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's sound discretion and will not be disturbed absent an abuse of that discretion.[8]

## III. Analysis

Defendant requests that the Court deny Plaintiff's current motion and dismiss the proposed amended complaint with prejudice, or, in the alternative, instruct Plaintiff to proceed as specifically instructed by the Memorandum and Order of November 23, 2010. Defendant's sole argument is that Plaintiff presents an "expanded version of an amended complaint" that is beyond the "limited form ordered by the Court."[9] Plaintiff argues that the Memorandum and Order of November 23, 2010 did not prohibit her from including other parties in their individual capacities. Further, she argues that

---

[4]Fed. R. Civ. P. 15(a)(1)(B).

[5]Fed. R. Civ. P. 15(a)(2).

[6]*Id.*

[7]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[8]*Woolsey*, 934 F.2d at 1462 (citations omitted).

[9]Def.'s Resp. to Pl.'s Mot. to Amend Compl. (ECF No. 40) at 1.

4

Defendant is objecting to the addition of parties that, Plaintiff assumes, "will inevitably be permitted" under Rule 15(a)(2).[10]

Plaintiff further argues that the Memorandum and Order of November 23, 2010 did not "expressly prohibit [her] from including other parties in their individual capacities." The Court directed her, however, to "file her Second Amended Complaint attached as an Exhibit to her motion, provided that Plaintiff first remove any claims against Kirk Schultz in his official capacity." Plaintiff did not file her Second Amended Complaint before the deadline set forth by the Court. Her time for filing the Second Amended Complaint, pursuant to the Memorandum and Order of November 23, 2010, has expired. Thus the Court reviews the instant motion anew.

Defendant does not object to the amendments allowed by the Court's November 23, 2010 Memorandum and Order. Accordingly, for the reasons set forth in the November 23, 2010 Memorandum and Order, the Court grants Plaintiff leave to amend her complaint to add Mr. Schultz in his individual capacity and to request injunctive relief.

The Court reviews the requested amendment to add new parties under the Rule 15(a)(2) standard. Defendant makes no showing that he will be unduly prejudiced, that there was undue delay or bad faith, or that the amendment is futile. Further, there has been no Scheduling Order entered in the case and no time period established for the parties to seek amendments to the pleadings. The Court finds the requested amendment to be timely. Accordingly it grants Plaintiff leave to amend her complaint to add the two additional defendants.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend Her Complaint (ECF No. 39) is granted. Plaintiff may file her Second Amended Complaint, attached

---

[10]Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. to Amend Compl. (ECF No. 41) at 2.

as an Exhibit to her motion. Pursuant to D. Kan. Rule 15.1(b), Plaintiff shall file her Second Amended Complaint within fourteen (14) days of the date of this Order.

Dated in Kansas City, Kansas on this 23rd day of March 2011.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge