**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KATHERINE TILLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-cv-02206-CM/GLR** |
| | ) | |
| **DIRK MAIER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Katherine Tilley alleges that defendants—in their individual capacities— violated her procedural and substantive due process rights when they determined in April 2009 that she "abandoned" her tenured teaching position at Kansas State University ("K-State" or "KSU"). Specifically, plaintiff alleges that defendants violated her right to substantive due process simply by reducing her leave time and deeming her position abandoned. She also alleges that defendants violated her right to procedural due process by failing to provide adequate process: (a) prior to making their determination that she abandoned her position, depriving her of a property interest; and (b) prior to issuing a letter circulated to plaintiff and certain administrators indicating that plaintiff had abandoned her position, depriving her of a liberty interest in her reputation. Plaintiff also asserts a breach of contract claim against defendants and seeks injunctive relief, even though her employment relationship was with KSU, rather than the defendants in their individual capacities.

Defendants—who are all current or former administrators at KSU—move to dismiss plaintiff's procedural and substantive due process claims on the basis of qualified immunity (Doc. 53). Defendants also move to dismiss plaintiff's contract claims because they have no individual capacity liability for plaintiff's employment relationship with KSU. And they move to dismiss plaintiff's

-1-

requests for injunctive relief because they can't provide reinstatement.  As discussed below, plaintiff

fails to demonstrate that defendants' actions violated her substantive due process rights or deprived

her of any property or liberty interest without due process.  Further, the court determines that plaintiff

cannot state a claim for breach of contract against, or seek injunctive relief from, defendants in their

individual capacity.  Accordingly, the court grants defendants' motion to dismiss.

## I.      Factual Background As Alleged By Plaintiff

In 2002, plaintiff was awarded tenure as an Associate Professor in the Department of Grain

Science and Industry ("the Department") at KSU.  In 2004, she notified the Head of the Department

that she had a pulmonary condition resulting from her exposure to flour dust during the course of her

work at KSU.  KSU worked with plaintiff to accommodate her condition.

During the 2008-2009 academic year, plaintiff was working from home.  On December 5,

2008, plaintiff received a letter from defendant Maier—Head of the Department—notifying her that

her accumulated sick and vacation leave balances would be applied to her absences.  In response,

plaintiff's physician sent a letter to defendant Maier explaining that plaintiff was capable of returning

to work so long as her work area was free from flour dust.  Plaintiff also filed a workers'

compensation claim and notified defendant Maier of this claim.

Defendant Maier responded to plaintiff's physician's letter on February 23, 2009, and

requested clarification on plaintiff's medical condition.  Defendant Maier sent plaintiff another letter

on March 30, 2009, notifying her that her accumulated sick and vacation balance had been expended

and that she was now considered on unpaid leave.

Plaintiff's attorney sent a letter to KSU's attorney's office on April 1, 2009, demanding that

plaintiff's sick and vacation leave balance be restored and any additional adverse employment action

cease.  But, on April 17, 2009, defendant Maier and defendant Cholick—Dean and Director, K-State

Research & Extension—sent a letter to plaintiff stating that "it appears you have abandoned your position and have discontinued communications with your employer."  Six university administrators received a copy of this letter.  On April 20, 2009, defendant Maier notified plaintiff that her resignation had been processed.

Several months later, plaintiff requested an appeal of termination.  Counsel for KSU notified plaintiff that she was not eligible for any grievance procedure because she had resigned.  Plaintiff subsequently filed this lawsuit alleging breach of contract and violations of due process.  She seeks damages and injunctive relief.

## II.    Analysis

### A.    Plaintiff Concedes That Her Breach Of Contract Claim Cannot Be Maintained Against Defendants And That Injunctive Relief Cannot Be Obtained From Defendants

As an initial matter, defendants move to dismiss plaintiff's breach of contract claim and her requests for injunctive relief.  (Doc. 54 at 27.)  Plaintiff concedes both issues in her opposition.  (Doc. 61 at 8–9.)  Accordingly, plaintiff's breach of contract claim and requests for injunctive relief are dismissed with prejudice.  The sole issues remaining in this case are plaintiff's due process claims and her corresponding request for money damages.

### B.    Qualified Immunity

Defendants seek to dismiss plaintiff's substantive and procedural due process claims because defendants' actions are protected by qualified immunity.  Qualified immunity is intended "to shield [government officials] from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  Recognition of qualified immunity responds to the concern that absent such protection the "fear of being sued w[ould] dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties." *Id.* at 814 (brackets and internal quotation marks omitted).

Qualified immunity may be asserted early in the case through the procedural mechanism of a

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

*Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011).  In evaluating such a motion,

"all well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the

light most favorable to the nonmoving party."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173

F.3d 1226, 1236 (10th Cir. 1999).  To overcome a Rule 12(b)(6) motion based on qualified immunity,

plaintiff bears a heavy, two-part burden to demonstrate that: (1) the facts plaintiff alleged make out a

violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the

defendants' alleged misconduct.  *Pearson v. Callahan,* 555 U.S. 223, 231 (2009); *Brooks v. Gaenzle*,

614 F.3d 1213, 1219 (10th Cir. 2010).  The court has discretion in deciding which of these two prongs

should be addressed first.  *Callahan*, 550 U.S. at 236.

## 1. Plaintiff Fails To Demonstrate That Defendants' Actions Violated Her Substantive Due Process Rights

Plaintiff first alleges that defendants violated her substantive due process rights.  Although her

complaint is less than clear, it appears that she is alleging the defendants violated her right to

substantive due process simply by reducing her leave time and deeming her position abandoned.

(Doc. 47 at 7.)  The court determines that defendants are entitled to qualified immunity because the

facts that plaintiff alleged do not make out a violation of substantive due process.

The Supreme Court has identified two ways in which a plaintiff may establish a claim for

substantive due process.  First, a plaintiff may establish that a defendant has violated a fundamental

right that the plaintiff enjoys under the United States Constitution.  *Chavez v. Martinez*, 538 U.S. 760,

787 (2003).  A fundamental right is one that is "deeply rooted in this Nation's history and tradition"

and "implicit in the concept of ordered liberty."  *Id.* at 775.  Plaintiff identifies no case law

establishing that the rights she asserts constitute fundamental rights under the Constitution.  Nor does

plaintiff make any showing that the rights asserted are "objectively, deeply rooted in this Nation's

history and tradition[.]"  *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997).

Moreover, several circuit court opinions counsel against plaintiff's position.  Specifically, the

Tenth Circuit has not "decided whether an employee with a property right in state-created

employment is [a fundamental right] protected by the substantive due process clause."  *Potts v. Davis*

*Cnty.*, 551 F.3d 1188, 1193 n.1 (10th Cir. 2009).  But the majority of other circuits have concluded

that state-created employment rights are not fundamental rights entitled to substantive due process

protection.  *See Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142–43 (3d Cir. 2000) (holding that

plaintiff's tenured public employment is not a fundamental interest protected by substantive due

process); *Singleton v. Cecil*, 176 F.3d 419, 425–26 (8th Cir. 1999) (en banc) ("[A] public employee's

interest in continued employment with a governmental employer is not so 'fundamental' as to be

protected by substantive due process."); *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en

banc) (explaining that "employment rights are state-created rights and are not 'fundamental' rights

created by the Constitution"); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992);

*Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990) (explaining that

a professor's interest "is essentially a state law contract right, not a fundamental interest embodied in

the Constitution"); *see also Local 342, Long Island Pub. Serv. Employees v. Town Bd. of Huntington*,

31 F.3d 1191, 1996 (2d Cir. 1994) ("We do not think, however, that simple, state-law contractual

rights, without more, are worthy of substantive due process protection."); *Kauth v. Hartford Ins. Co.*

*of Illinois*, 852 F.2d 951, 958 (7th Cir. 1988).  These opinions indicate that—even at a more general

and abstract level—plaintiff's asserted rights are not deeply rooted within our Nation's history.

Therefore, plaintiff's complaint fails to allege a substantive due process claim based on the violation

of a fundamental right.

Substantive due process also protects individuals from the exercise of executive governmental power that "shocks the conscience," even if the executive power is directed to deprive a plaintiff of a right that is not itself fundamental.  *Seegmiller v. Laverkin City*, 528 F.3d 762, 767 (10th Cir. 2008) ("By satisfying either the 'fundamental right' or the 'shocks the conscience' standards, a plaintiff states a valid substantive due process claim under the *Fourteenth Amendment*."); *see also Dias v. Cnty. of Denver*, 567 F.3d 1169, 1182 (10th Cir. 2009) (explaining that the "shocks the conscience standard is 'an inquiry reserved for cases challenging *executive* action'") (emphasis in original).  Conduct that shocks the conscience is "deliberate government action that is arbitrary and unrestrained by the established principles of private right and distributive justice."  *Seegmiller*, 528 F.3d at 767.  Not all government action, however, is covered.  Rather, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."  *Id.*

Plaintiff's complaint fails to allege facts that would permit the court to find that defendants acted in a conscience-shocking manner in deeming her position abandoned or reducing her leave.  Defendants sent several letters to plaintiff (or her agents) regarding her condition and explaining that they would be utilizing her leave balances.  Ultimately defendants determined after this correspondence that plaintiff resigned her position.  It is clear from plaintiff's allegations that defendants attempted to communicate with plaintiff and did not act in a manner wholly divorced from reason or rationale.  The fact that plaintiff disagrees with defendants' determination does not establish a substantive due process claim.  Indeed, even if defendants were wrong in determining plaintiff abandoned her position, it is clear from plaintiff's allegations that they did not arrive at this decision in a manner that can be described as arbitrary, capricious, or conscience shocking.  Therefore, plaintiff's

complaint fails to state a claim for substantive due process violations based on arbitrary and capricious

or conscience-shocking conduct. [1]

### 2. Plaintiff Fails To Demonstrate That Defendants' Actions Deprived Her Of Procedural Due Process

Although plaintiff's complaint is not entirely clear, plaintiff appears to allege that defendants

violated her procedural due process rights in two respects.  First, plaintiff alleges defendants deprived

her of a property interest in her job without due process.  Second, plaintiff alleges defendants deprived

her of a liberty interest in her reputation without due process.  The court determines that defendants

are entitled to qualified immunity because plaintiff has not alleged sufficient facts to state a procedural

due process claim.

### a. Property Interest In Not Having Her Position Deemed Abandoned

Plaintiff alleges defendants classified her employment as "abandoned" without any notice to

plaintiff and then denied her an opportunity for a hearing.  The court determines that based on the

alleged facts, the boundaries of plaintiff's right was not clearly established at the time defendants

acted.  Accordingly, defendants are entitled to qualified immunity on this claim.

To be clearly established, the contours of a right "must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739

(2002).  A right is clearly established when Supreme Court or Tenth Circuit case law exists on point

or if the "clearly established weight of authority from other circuits" found a constitutional violation

from similar actions. *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999).

Properly characterized, plaintiff alleges that defendants failed to provide adequate process

before deeming her employment abandoned because defendants did not provide notice and a

---

[1]    Even if plaintiff did establish a fundamental right or conscience-shocking conduct, defendants would still be entitled
to qualified immunity because the above case law and facts indicate that the rights at issue were not "clearly
established" at the time of the defendants' alleged misconduct.

hearing. Plaintiff failed to identify any case law—Supreme Court, Tenth Circuit, or otherwise—establishing what process is due before a government employer deems an employee to have abandoned her position. Additionally, plaintiff fails to identify any case law indicating that the process provided to her by defendants including the form of letters, etc. was deficient. Therefore, plaintiff has not established that defendants violated a clearly established right in the context of this case.

Even if the right was clearly established, plaintiff's claim does not make out a constitutional violation. To succeed on a procedural due process claim, plaintiff must demonstrate: (1) a constitutionally cognizable liberty or property interest, and (2) deprivation of that interest without an appropriate level of process. *See Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006). Assuming plaintiff has a cognizable property interest, she has not alleged facts indicating that she was deprived of that property interest without an appropriate level of process. Specifically, federal law determines what constitutes adequate procedural due process. *See Glatz v. Kort*, 807 F.2d 1514, 1517 (10th Cir. 1986) (explaining that "[c]onstitutionally required procedural protections are matters of federal law"); *De Llano v. Berglund*, 282 F.3d 1031, 1035 (8th Cir. 2002) (holding that "federal law, not state law or [university] policy, determines what constitutes adequate procedural due process"). Under federal law, adequate process in the employment context requires notice and an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

Defendants sent plaintiff multiple letters over the course of nearly five months inquiring about her absence from her work site without approval, requesting clarification about her health condition, and questioning her ability to perform her essential job functions.[2] Defendant Maier's March 30,

---

[2] Plaintiff's complaint references several letters, which are central to her claims. Defendants attached these letters to the motion to dismiss, and plaintiff never disputed each letter's authenticity. Accordingly, the court considers these letters in ruling on the motion to dismiss. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)

2009 letter specifically requested that plaintiff contact him "at [her] earliest convenience to schedule a meeting with us regarding your intentions concerning your return to work."  Defendant Maier's letter also indicates that he left phone and email messages, to which plaintiff failed to respond.  Finally, defendants notified plaintiff that they were deeming her employment abandoned and, several days later, confirmed that KSU processed her resignation.  During this time, plaintiff does not allege that she ever directly called, emailed, or contacted defendants.

Based on this history, plaintiff was on notice that defendants were questioning her intentions regarding her return to work.  Plaintiff also had several opportunities to contact defendants, explain her position, clarify any misunderstandings, and request additional procedures.  But she did not avail herself of these opportunities, and she should not be able to use her own inaction against defendants to support a violation of procedural due process.  In addition, regardless of whether she was entitled to subsequent proceedings after her position was deemed abandoned, the court determines that due process did not require defendants to provide a hearing four months later when plaintiff finally requested it.  Accordingly, defendants are entitled to qualified immunity for the additional reason that plaintiff has not alleged sufficient facts to make out a procedural due process violation.

### b.  Liberty Interest In Her Reputation

Plaintiff's final allegation is that defendants violated her right to procedural due process by failing to provide adequate process prior to issuing a letter circulated to plaintiff and certain administrators indicating that plaintiff had abandoned her position, depriving her of a liberty interest in her reputation.  For defendants to infringe on this liberty interest, four factors must be satisfied: (1) "the statements must impugn the good name, reputation, honor, or integrity of the employee"; (2) "the statements must be false"; (3) "the statements must occur in the course of terminating the employee or

---

(explaining that "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

must foreclose other employment opportunities"; and (4) "the statements must be published." *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994).

In this case, plaintiff can't demonstrate that the statements made by defendants were published.  The only publication that plaintiff identifies in her complaint is the April 17, 2009 letter from defendants Maier and Cholick.  Six other KSU administrators received a copy of this letter.  But plaintiff cannot demonstrate that this letter—which was sent only to plaintiff and a limited number of administrators—was a public communication.  *See Bishop v. Wood*, 426 U.S. 341, 348 (1976) (holding that a non-public communication cannot form the basis for a claim that "petitioner's interest in his good name, reputation, honor, or integrity" has been impaired); *Sanchez v. Dubois*, 291 F. App'x 187, 191–92 (10th Cir. 2008) (determining defendants were entitled to qualified immunity because no constitutional violation occurred when the false statements were not published); *Asbill v. Hous. Auth. of Choctaw Nation of Okla.*, 726 F.2d 1499, 1503 (10th Cir. 1984) ("[I]ntra-government dissemination, by itself, falls short of the Supreme Court's notion of publication: 'to be made public.'").  Accordingly, defendants are entitled to qualified immunity on this claim because the facts plaintiff has alleged do not make out a violation of a constitutional right.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 53) is granted. Plaintiff's breach of contract claim and claims for injunctive relief are dismissed with prejudice. Defendants are entitled to qualified immunity on plaintiff's substantive and procedural due process claims.

Dated this  23rd  day of November, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge